tofore appointed remain in possession to collect the rents, etc., until the further order of the court.

The appellees have here assigned cross-errors, in which they contend that they should have been allowed interest upon said principal note from the date of the filing of the bill to foreclose at the rate of seven per cent. per annum, instead of at the rate of five and one-half per cent., as allowed by the master and confirmed by the court, and further contend that they should have been allowed a larger sum than $100 as solicitor's fees. Without discussion, we deem it sufficient to say that in our opinion, under the facts of this case, the contentions are lacking in substantial merit.

The decree of the Superior Court is affirmed.

*Affirmed.*

---

**Central Machine Company, Appellee, v. Northern Equipment Company, Appellant.**

**Gen. No. 18,991. (Not to be reported in full.)**

Appeal from the Municipal Court of Cook county; the Hon. JACOB H. HOPKINS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed March 26, 1914. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Central Machine Company, a corporation, against Northern Equipment Company, a corporation, to recover on an indebtedness incurred by American Boiler Economy Company alleged to have been assumed by defendant on taking over the property and rights of the Boiler Company. From a judgment for plaintiff for $1,369.25, defendant appeals.

FYFFE, ADCOCK & RYNER, for appellant; COLIN C. H. FYFFE, of counsel.

BRYAN, MCCORMICK & WILBER, for appellee; HOWARD H. MCCORMICK, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. CORPORATIONS, § 472*—*when corporation purchasing property of another estopped to deny assumption of debts.* Where defendant corporation succeeded to all the property and rights of another corporation which was indebted to plaintiff, defendant was *held* estopped to take advantage of the fact that a letter to plaintiff advising it of the consolidation and assuming the indebtedness to it was written, and the meeting of the board of directors of defendant at which such obligation was assumed was held before defendant had became fully organized, and never ratified after the organization was completed.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim sufficient.* In an action against a corporation on a claim against another corporation to whose property and rights it succeeded, and which it was claimed the former assumed and agreed to pay an allegation in the statement of claim that defendant was the successor of said corporation, is sufficient, after verdict, to charge defendant with liability.

3. APPEAL AND ERROR, § 1550*—*when submission of question not in issue harmless.* In an action against a corporation succeeding to the property and rights of another corporation on an indebtedness incurred by the latter, an instruction submitting the question as to whether the consolidation of the corporations was fraudulent as to creditors was *held* not prejudicial to defendant, although there was no allegation of fraud in plaintiff's statement of claim.

4. APPEAL AND ERROR, § 479*—*when error in instruction not reviewable in absence of objection.* Error in submitting to the jury the question as to whether a transaction was a fraud on creditors, though fraud was not alleged in plaintiff's statement of claim, is not available on appeal where the instruction submitting the question was not specifically objected to on that ground, the objections made being based on other grounds.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.